UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

EMANI PAMELA TAYLOR,

                Appellant,               **MEMORANDUM & ORDER**
                                                            18-CV-01768 (MKB)
           v.                                 18-CV-01791 (MKB)

DEBRA KRAMER,

                Appellee.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        On March 22, 2018, Appellant Emani Pamela Taylor filed a notice of appeal seeking to appeal a March 8, 2018 Order of the Bankruptcy Court for the Eastern District of New York (the "First Appeal") disallowing the Estate of Emani Taylor's claim of a homestead exemption with respect to real property known as 246 Decatur Street, Brooklyn, New York (the "Property"). (Docket No. 18-CV-01768, Notice of Appeal, Docket Entry No. 1.) Appellant filed a second notice of appeal on March 23, 2018, seeking to appeal a March 8, 2018 Order of the Bankruptcy Court for the Eastern District of New York vacating an automatic stay with respect to the Property (the "Second Appeal").[1] (Docket No. 18-CV-01791, Notice of Appeal, Docket Entry No. 1.) On April 19, 2018, the Clerk of Court notified the parties in the First Appeal that the record had been received or was available electronically, and directed the parties to follow the briefing schedule as set forth in Rule 8018 of the Federal Rules of Bankruptcy Procedure.

---

[1] Appellee filed a motion to consolidate the First Appeal and the Second Appeal, (Docket No. 18-CV-01768, Mot. to Consolidate, Docket Entry No. 3; Docket No. 18-CV-01791, Mot. to Consolidate, Docket Entry No. 3), which the Court granted on October 18, 2018, (Docket No. 18-CV-01768, Order dated Oct. 18, 2018; Docket No. 18-CV-01791; Order dated Oct. 18, 2018).

(Docket No. 18-CV-01768, Notice of Bankruptcy Record Received, Docket Entry No. 4.) The April 19, 2018 notice directed Appellant to serve and file a brief within thirty days of the notice. (*Id.*) On April 25, 2018, the Clerk of Court notified the parties with respect to the Second Appeal that the record had been received or was available electronically, and directed Appellant to comply with Rule 8018 by serving and filing a brief within thirty days of the April 25, 2018 notice. (Docket No. 18-CV-01791, Notice of Bankruptcy Record Received, Docket Entry No. 4.) On February 7, 2019, the Court ordered Appellant to show cause on or before February 21, 2019 why the appeal should not be dismissed for failure to comply with Rule 8018. (Docket No. 18-CV-01768, Order to Show Cause dated Feb. 7, 2019.) On February 25, 2019, because it was unclear from the docket whether the Clerk's orders and the Court's February 7, 2019 order to show cause were mailed to the *pro se* Appellant, the Court granted Appellant thirty additional days to file her opening brief. (Docket No. 18-CV-01768, Order dated Feb. 25, 2019.) The Court warned Appellant that if she failed to file her opening brief within thirty days, the Court would dismiss the appeal without prejudice. (*Id.*) A copy of the docket sheet was mailed to Appellant on February 25, 2019. (*Id.*) To date, Appellant has not filed a brief in accordance with Rule 8018. For the reasons discussed below, the Court dismisses the appeal without prejudice.

**I. Discussion**

Pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure, a litigant appealing a decision of a bankruptcy court must file an opening brief within thirty days "after the docketing of notice that the record has been transmitted or is available electronically," unless such time limit is excused or another is specified by order of the district court. Fed. R. Bankr. P. 8018(a)(1). When an appellant fails to timely file a brief, a district court may dismiss the appeal

upon a motion made or *sua sponte* after notice is provided. Fed. R. Bankr. P. 8018(a)(4). A district court is not required to dismiss an appeal for failure to file a timely brief, but "should exercise discretion to determine whether dismissal is appropriate in the circumstances." *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987) (citations omitted); *see also In re Residential Capital, LLC*, No. 16-CV-8549, 2016 WL 7477558, at *2 (S.D.N.Y. Dec. 28, 2016) (same). A district court may accept an untimely filing "where the failure to act was the result of excusable neglect." *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005); *see also In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (same).

"[T]he determination of whether to permit an untimely action must be made 'taking account of all relevant circumstances surrounding the party's omission,' including '[(1)] the danger of prejudice to the debtor, [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith.'" *In re Lynch*, 430 F.3d at 603 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). The Second Circuit has taken a "hard line" in applying this test, and "[t]he burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.*, 419 F.3d at 121, 122 (citation omitted). Further, while in the "typical" case, three of the four factors — the length of the delay, the danger of prejudice, and the movant's good faith — "usually weigh in favor of the party seeking the extension," courts in this Circuit "focus[] on the third factor" — whether the delay was within the reasonable control of the movant. *Id.* at 122 (citation and internal quotation marks omitted). With respect to the third factor, the Second Circuit has concluded that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule" where the rule is "entirely clear." *Id.* at 123 (alterations omitted) (quoting *Silivanch v. Celebrity*

3

*Cruises, Inc.*, 333 F.3d 355, 367 (2d Cir. 2003)).

Appellant has failed to comply with the Federal Rules of Bankruptcy Procedure and the Court's orders. Since the filing of the notices of appeal on March 22, 2018 and March 23, 2018, there has been no activity on the docket other than Appellee's motion to consolidate, and the Clerk's and the Court's orders. Appellant has not filed her brief, sought an extension of time to do so, or complied with the Court's order to show cause. This alone is a sufficient reason to dismiss the appeal. *See In re MF Glob. Holdings Ltd.*, No. 17-CV-167, 2017 WL 744603, at *1 (S.D.N.Y. Feb. 23, 2017) (dismissing appeal where the appellant did not file designation and statement in a timely manner and did not make any submission in response to the court's order to show cause); *In re Residential Capital LLC*, 2016 WL 7477558, at *2 (dismissing appeal where the appellant failed to file his opening brief within the time provided, respond to the court's order to show cause, or request an extension of time); *In re Berlin & Denmar Distribs., Inc.*, No. 14-CV-05749, 2014 WL 4354748, at *2 (S.D.N.Y. Sept. 2, 2014) (finding "ample reason to dismiss [the] appeal" where the appellant failed to file an appeal brief, request an extension of time, or respond to the appellee's motion to dismiss, and provided "no excuse" for failing to do so); *FPSDA I, LLC v. Larin*, No. 13-CV-1093, 2014 WL 108419, at *2 (E.D.N.Y. Jan. 8, 2014) (dismissing appeal where appellants had "not sought to litigate the appeal in any manner since filing the [n]otice of [a]ppeal"); *In re Bristol*, No. 09-CV-1683, 2010 WL 1223053, at *2 (E.D.N.Y. Mar. 24, 2010) ("Many courts have found an appellant's failure to timely file a brief inexcusable where . . . the appellant failed to provide an explanation for its failure to file an appellate brief many months after the [n]otice of [d]ocketing [b]ankruptcy [a]ppeal."); *In re Futterman*, No. 99-CV-8793, 2001 WL 282716, at *3 (S.D.N.Y. Mar. 21, 2001) ("Courts in this [d]istrict have dismissed appeals for an appellant's complete failure to file a brief, as opposed to

a late filing." (collecting cases)).

Moreover, while in a "typical" case, the length of delay, the danger of prejudice, and good faith weigh in favor of a party "seeking an extension," *In re Enron Corp.*, 419 F.3d at 122, in this case, Appellant has not sought an extension. However, even assuming that these three factors weigh in Appellant's factor, the Court cannot find that the remaining factor, the reason for the delay, weighs in Appellant's favor. Appellant has failed to make any submissions in this case — explaining the reason for the delay or otherwise — since filing the notice of appeal over a year ago. Appellant has therefore done nothing to satisfy her burden of showing excusable neglect. *In re Enron Corp.*, 419 F.3d at 121 ("The burden of proving excusable neglect lies with the late-claimant." (citation omitted)). Accordingly, the Court dismisses the appeal. *See In re Residential Capital LLC*, 2016 WL 7477558, at *3 (dismissing appeal because the court had "no information regarding the reason for [the appellant] having missed the deadline to file his brief").

## II. Conclusion

For the foregoing reasons, the Court dismisses the appeal without prejudice. The clerk of court is directed to close this case.

Dated: March 29, 2019
      Brooklyn, New York

                                          SO ORDERED:

                                          s/ MKB
                                          MARGO K. BRODIE
                                          United States District Judge